**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-2449-TUC-JAS (BGM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Gabriel James Whitetail, | |
| Defendant. | |

Currently pending before the Court is Defendant Gabriel James Whitetail's Motion to Dismiss Indictment (Doc. 18). The Government has filed its response and Defendant did not reply. Govt.'s Response to Def.'s Mot. to Dismiss (Doc. 19). Defendant Gabriel James Whitetail is charged with one (1) count of failing to register and update a registration as required by the Sex Offender Registration and Notification Act, in violation of Title 18, United States Code, Section 2250(a). Indictment (Doc. 1).

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. On February 25, 2022, oral argument was held before Magistrate Judge Macdonald, and the matter taken under advisement. Minute Entry 2/25/2022 (Doc. 24). The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion.

. . .

. . .

. . .

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 1998, Defendant was convicted of Aggravated Sexual Assault in the United States District Court in the District of Arizona, in violation of Title 18, U.S.C. §§ 2241(c) & 1153. *United States v. Whitetail*, Case No. CR-97-201-001-PCT (SMM) (D. Ariz. Aug. 24, 1998). As a result of this conviction, Defendant is a Tier III offender and is required to register as a sex offender for life pursuant to the Sex Offender Registration and Notification Act. Since his original conviction, Defendant has been convicted for failing to register as a sex offender in three (3) separate cases. *See United States v. Whitetail*, Case No. CR-14-1587-PHX-SMM (D. Ariz. Oct. 9, 2015); *United States v. Whitetail*, Case No. CR-17-1092-TUC-JAS (D. Ariz. Aug. 22, 2018); *United States v. Whitetail*, Case No. CR-19-3288-TUC-JAS (D. Ariz. Dec. 2, 2020).

On July 13, 2021, while incarcerated, Defendant called his probation officer. Defendant was advised that his release address in Wyoming was denied by the District of Wyoming. Accordingly, he was directed to report to the United States Probation Office in Flagstaff, Arizona, within 72 hours after his release as his residential re-entry center placement was approved in Flagstaff, Arizona. Defendant was advised that while in Flagstaff, he could provide another address for the District of Wyoming to investigate. Defendant agreed.

On July 28, 2021, Defendant was released from custody and transported to Pima County Jail based on state failure to register charges. He was released from Pima County custody shortly thereafter and placed on pretrial supervision. Defendant did not contact his federal probation officer.

On August 3, 2021, a Petition to Revoke was filed in his most recent District of Arizona case. *United States v. Whitetail*, Case No. CR-19-3288-TUC-JAS (BGM), Pet. for Warrant to Revoke Supervised Release (Doc. 51). The Petition to Revoke alleged that A) Defendant had failed to report to the probation office despite prior instructions to do so; and B) Defendant had failed to report his change of residence with the local sheriff's office despite prior instructions to do so. *Id.* at 1.

## II. ANALYSIS

Defendant asserts that because he did not work or attend school in Pima County during his brief release, the only trigger to a duty to register was whether he "resided" in Pima County. Def.'s Mot. to Dismiss (Doc. 18) at 3. Defendant asserts that was involuntarily in Pima County and cannot be said to have resided here. *Id.* at 3–4. Defendant further asserts that he cannot be criminally charged for failing to register because "[n]either the probation officer nor any other appropriate official notified Mr. Whitetail of a duty to register, provided him a form explaining any duty to register, had him sign any such form, or ensured that he was registered." *Id.* at 5.

The Sex Offender Registration and Notification Act ("SORNA") requires a convicted sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, . . . is an employee, and . . . is a student." 34 U.S.C. § 20913(a). Once registered, a convicted sex offender is required to keep his/her registration current. *Id.* at § 20913(c). SORNA mandates that "[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." *Id.* Any individual who is required to register but fails to do so, may be criminally prosecuted for such failure.[1]  18 U.S.C. § 2250.

---

[1] Section 2250, Title 18, United States Code, provides in relevant part:

> Whoever—
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> >
> > (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . . ; or
> >
> > (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> >
> > (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned no more than 10 years, or both.

"It is generally sufficient that an indictment set forth the offence in the words of the statue itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d (1974) (citations omitted). "Generally, a defendant 'may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.'" *United States v. Sharma*, 2019 WL 2285393, *2 (E.D. Cal. May 29, 2019) (quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). As such, "Rule 12(b) motions are appropriate to consider 'such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction.'" *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quoting *United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989)) (alterations in original). "[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *Nukida*, 8 F.3d at 669 (citations omitted). "[T]he unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected, . . . and that the facts are fully developed before disposition of the case." *Id.* at 670 (citations omitted).

Defendant is charged with failing to register as a sex offender. Indictment (Doc. 1). The indictment states:

> Beginning on or about July 28, 2021 until on or about August 23, 2021, in the District of Arizona, Defendant GABRIEL JAMES WHITETAIL, a person required to register under the Sex Offender Registration and Notification Act and a sex offender by reason of a conviction under federal law, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act.
>
> In violation of Title 18, United States Code, Section 2250(a).

Indictment (Doc. 1). The Court finds that the indictment was sufficient to notify Defendant that he was charged with failing to register as a sex offender as required by

---

18 U.S.C. § 2250(a).

SORNA.

The parties do not dispute that as of July 31, 2021, Defendant was present in Tucson, Arizona. *See* Def.'s Mot. to Dismiss (Doc. 18) at 2; Govt.'s Response to Mot. to Dismiss (Doc. 19) at 2. The parties also do not dispute that while in Tucson, Arizona, Defendant did not register pursuant to SORNA. *See id.* As of August 4, 2021, there was probable cause to arrest Defendant for this failure. Defendant questions regarding whether he resided in Tucson and whether he received proper notification regarding his duty to register are issues of fact. Therefore, they are inappropriate for consideration pursuant to a Rule 12(b) motion to dismiss. *See Nukida*, 8 F.3d at 669.

## III. CONCLUSION

The Court finds that Mr. Whitetail's motion to dismiss involves questions of fact that are inappropriate for a Rule 12(b) motion. As such, it is recommended that Defendant's motion to dismiss be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court DENY Defendant Gabriel James Whitetail's Motion to Dismiss Indictment (Doc. 18).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-21-2449-TUC-JAS**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 23rd day of March, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge

- 5 -